**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**JOHN DOE (JUVENILE), Defendant—
Appellant.**

No. 03–30575.
D.C. No. CR–03–00108–GF/SEH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 15, 2004.

Decided Oct. 7, 2004.

David G. Dennis, Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Jason T. Holden, Great Falls, MT, for Defendant–Appellant.

Before SCHROEDER, Chief Judge, TASHIMA, and BYBEE, Circuit Judges.

## MEMORANDUM *

John Doe was convicted of aiding and abetting the stabbing of another juvenile. He appeals the denial of his motion to suppress in the district court. He also claims that the district court's decision that he committed an act of juvenile delinquency was based on insufficient evidence. We review *de novo* both the district court's denial of the motion to suppress, *United States v. Vargas–Castillo*, 329 F.3d 715, 722 (9th Cir.2003), and its determination of sufficient evidence, *United States v. Antonakeas*, 255 F.3d 714, 723 (9th Cir.2001).

On April 11, 2003, John Doe allegedly aided and abetted another juvenile in a stabbing. After finding the murder weapon on Doe the next day, Officer Boyd interviewed Doe, in the presence of his guardian, without advising him of his *Miranda* rights. Boyd promised him that day that he would not be arrested. He conducted a second interview with him on April 14, again without *Miranda* warnings. Boyd, accompanied by Agent Morton, interviewed Doe a third time on May 9. This time, Morton advised Doe and his guardian of his *Miranda* rights. In this interview, the officers questioned Doe about his alleged accomplice's version of the events surrounding the stabbing. During the interview, Doe admitted to telling his accomplice "let's go get this guy," just before the stabbing occurred.

Doe argues that his May 9 confession should be suppressed because the officers promised him in the April 12 interview that he would not be arrested. We have previously held that where one *Mirandized* interview is conducted after a *non-Mirandized* interview, the suspect may waive his rights and confess after being given the requisite *Miranda* warnings. *See, e.g., United States v. Jenkins*, 938 F.2d 934, 941 (9th Cir.1991) (citing *Oregon v. Elstad*, 470 U.S. 298, 318, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985)). Here, Doe should not have relied on the earlier promise after he was advised of his *Miranda* rights, which specially warn that any statements he made may be used against him in court. Understanding his *Miranda* rights, he went ahead and made the incriminating statements. The two interviews were separated by a temporal break of twenty-seven days. In addition, the May 9 interview took place at a different location than the first interview and Agent Morton attended the second and third interviews along with Officer Boyd.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Accordingly, the district court properly concluded that Doe's May 9 confession was admissible at his bench trial.

■ Finally, we review Doe's claim of insufficient evidence. The evidence presented by the Government is sufficient to sustain the district court's conviction of Doe for aiding and abetting in the stabbing. This evidence included Doe's confession to stating, "let's go get this guy" before his accomplice stabbed the victim, the police finding the assault weapon on him a few hours later, and his accomplice testifying that Doe handed him the knife. We conclude that the Government produced sufficient evidence to support the district court's finding that Doe aided and abetted the stabbing of a juvenile.

AFFIRMED.